(74 South. 175)

No. 22092.

LANAN v. JOHNSON, Sheriff, et al.

(Jan. 15, 1917. Rehearing Denied Feb. 12, 1917.)

*(Syllabus by the Court.)*

ABSENTEES ⬅7 — PROCESS — SUBSTITUTED SERVICE.

In a case of substituted service on an absentee the record must show that citation and copy of petition were served on the regularly appointed curator ad hoc.

[Ed. Note.—For other cases, see Absentees, Cent. Dig. §§ 14–19.]

Appeal from Sixth Judicial District Court, Parish of Ouachita; Ben C. Dawkins, Judge.

Action by John Lanan against D. A. Johnson, Sheriff, and others. Judgment for plaintiff in part, and he appeals. Affirmed in part, and in other respects reversed, and plaintiff's case dismissed as in case of nonsuit.

A. A. Gunby, of Monroe, for appellant. Hudson, Potts, Bernstein & Sholars, of Monroe, and Dale, Young & Dale, of St. Joseph, for appellees.

SOMMERVILLE, J. Plaintiff, a resident of Illinois, alleging himself to be the owner of lots 2 and 3 of Swenson's subdivision of Bosco plantation in Ouachita parish, La., and that the sheriff of said parish has seized and will sell his property to satisfy a judgment rendered in the case of Burroughs Land Company (of Iowa) v. Frederick Deiser (of Chicago, Ill.), asks that the Burroughs Land Company and Deiser be cited, through curators ad hoc, that the judgment in favor of the company against Deiser be declared null and void for the reasons stated in his petition, and that an injunction issue enjoining the sheriff from selling his property. A preliminary injunction was issued.

The district judge appointed a firm of lawyers, Hudson, Potts, Bernstein & Sholars, to represent both of the absentees, Burroughs Land Company and Deiser, plaintiff and defendant, in the suit wherein the judgment is attacked in this cause.

Messrs. Hudson, Potts, Bernstein & Sholars do not appear to have accepted the appointment of curator ad hoc to the plaintiff or defendant in the case of the Burroughs Land Company or Deiser. On the contrary, they, the attorneys, filed an exception in their own names to the citation directed to said firm as curator ad hoc and the order appointing it as curator ad hoc to represent the Burroughs Land Company, and asked that the citation directed to it as curator ad hoc for the Burroughs Land Company might be annulled and quashed.

The record fails to disclose whether or not

a citation issued to the law firm as curator ad hoc of Deiser. And it does not appear what disposition was made of the exception filed by Messrs. Hudson, Potts, Bernstein & Sholars. Default was entered as to all defendants.

Subsequently the Burroughs Land Company filed an answer through its counsel, Hudson, Potts, Bernstein & Sholars.

The trial was proceeded with against the Burroughs Land Company and the sheriff; but Deiser does not appear to have been cited; he made no appearance, and the default taken against him was not confirmed.

There was judgment rejecting and dismissing the demands of plaintiff—

"save and except the prayer for injunction in so far as the demand for the same is based upon the illegality of the writ of fieri facias, because of the failure of the clerk of the court to impress and affix the seal of the court upon said instrument.

"It is further ordered, adjudged, and decreed that the said writ of fieri facias be quashed and annulled because and on account of the said omission and failure to impress and affix the seal of the court thereto, and that the injunction herein sued out be sustained only in so far as the same is prayed for on account of the said omission and failure to impress and affix the said seal, and that the said injunction in all other phases and in its other parts be and the same is hereby dissolved.

"It is further ordered that D. A. Johnson, sheriff, proceed to advertise and sell the property, the sale of which was enjoined herein, under the alias writ heretofore issued subsequent to the issue of the writ of fieri facias, which is herein quashed and annulled.

"It is further ordered that the plaintiff, John Lanan, do have and recover judgment of and against the Burroughs Land Company in the full sum of $25 as damages for attorney's fees incident to the injunction herein sued out.

"It is further ordered that the defendant Burroughs Land Company, do pay all costs of this suit."

Plaintiff only has appealed.

The land in question was at one time the property of the Killoden Planting Company, a corporation domiciled in Louisiana, which sold it, May 1, 1913, to Frederick Deiser, in an act of sale containing the pact de non alienando. The credit portion of the selling price was evidenced by three notes of $1,000 each, which were secured by mortgage and vendor's lien. The act was recorded on May 17, 1913.

May 20, 1913, Deiser sold to plaintiff, John Lanan; and, as part of the purchase price, Lanan assumed the three notes issued by Deiser in favor of the Killoden Company.

The Burroughs Land Company alleged that it acquired two of the notes referred to, and sued via ordinaria upon them in suit against Deiser, No. 8781, in the Sixth judicial district court of Ouachita parish, July 2, 1915. R. V. Randle was therein appointed curator ad hoc to represent the absent defendant Deiser. Randle does not appear to have accepted the appointment in that case.

The record is silent as to who was served with the citation and copy of petition in the cause.

A writ of fieri facias was therein issued, and it and the notice of seizure were addressed to Deiser, the defendant, and they were served upon him in person in the city of Monroe, December 13, 1915. Subsequently, February 21, 1916, a notice of seizure under an alias writ of fieri facias was issued and served upon Robert V. Randle, as curator ad hoc of Frederick Deiser.

But the substituted service upon an absentee is not the service of a notice of seizure under a writ of fieri facias. It is required that the citation and copy of petition be served upon the person substituted in an ordinary proceeding. In this case the Burroughs Land Company was proceeding via ordinaria to collect the notes held by it and secured by a mortgage bearing upon the property which Deiser, an absentee, had transferred to Lanan. In such case the record should show that the copy of the petition and citation were served upon the duly appointed curator ad hoc.

There are other nullities charged by Lanan

in the proceedings and judgment in the case of the Burroughs Land Company v. Deiser, but they will not be passed upon, as the validity of those proceedings and the judgment cannot be disposed of in a suit when all the parties to that suit are not before the court. Deiser, the defendant in that case, has not been cited and served as one of the defendants in this case, either personally or through a curator ad hoc.

A judgment of nonsuit should have been entered.

As the Burroughs Land Company has not appealed, that portion of the judgment against it for $25 will not be disturbed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed as to the award of $25 and costs in both courts, and that in other respects it be reversed, and plaintiff's case be dismissed as in case of nonsuit, at his cost in both courts.